United States District Court
Southern District of Texas
**ENTERED**
October 17, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:13-CR-381 |
| | § | |
| MANUEL PRUNEDA | § | |

## MEMORANDUM OPINION & ORDER

Defendant/Movant Manuel Pruneda filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and memorandum in support. D.E. 32, 33. Now pending before the Court is the United States' motion for summary judgment (D.E. 37), to which Movant has responded (D.E. 39). For the reasons set forth below, the Government's motion for summary judgment is granted, and Movant's § 2255 motion is denied.

**I. Background**

On June 28, 2013, the Court accepted Movant's guilty plea to possession with intent to distribute 57.03 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). The Presentence Investigation Report (PSR) assigned Movant a base offense level of 20; however, the PSR determined that because Movant had two prior convictions for controlled substance offenses,[1] Movant is a career offender within the meaning of U.S.S.G. § 4B1.1, resulting in an offense level of 32. After credit for acceptance of responsibility, his total offense level was 29. Eight criminal history points

---

[1]. Movant was previously convicted in this Court of possession with intent to distribute approximately 14 kilograms of cocaine in Case No. 2:00-CR-3 and possession with intent to distribute approximately 39.79 kilograms of marijuana in Case No. 2:11-CR-71.

established a criminal history category of IV; however, because Movant was deemed a career offender, the applicable criminal history category was VI. Movant's advisory guideline range was 151–188 months in custody. At sentencing, the Court adopted the findings of the PSR and sentenced Movant to 151 months' imprisonment, to be followed by 3 years' supervised release. Judgment was entered on September 24, 2013. Movant appealed, but the Fifth Circuit affirmed his conviction on June 17, 2014.

Movant filed the present motion on June 20, 2016, asserting relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 790 (2016). It is timely. *See* 28 U.S.C. § 2255(f)(3).

## II. Legal Standard

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). "Moreover, a defendant 'may not raise an issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error.'" *United States v. Segler*, 37 F.3d

1131, 1133 (5th Cir. 1994) (quoting *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (en banc)).

### III. Movant's Allegations

Movant's § 2255 motion raises a single claim: In light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), his sentence as a career offender pursuant to U.S.S.G. § 4B1.1 was unconstitutional.

### IV. Analysis

Under the Armed Career Criminal Act (ACCA), a person who possesses a gun in violation of 18 U.S.C. § 922(g) after sustaining three prior convictions for a "serious drug offense" or "violent felony" faces a minimum prison term of 15 years and a maximum of life. 18 U.S.C. § 924(e)(1). The ACCA defines the term "violent felony" to mean any felony that: (i) "has as an element the use, attempted use, or threatened use of physical force against the person of another;" (ii) "is burglary, arson, or extortion, [or] involves use of explosives," or "*otherwise involves conduct that presents a serious potential risk of physical injury to another.*" 18 U.S.C. §924(e)(2)(b) (emphasis added). The preceding italicized text—also known as the "residual clause"—was declared unconstitutionally vague by the Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015).

Movant argues that *Johnson* also invalidates the definition of "crime of violence" under the Career Offender Guideline, U.S.S.G. § 4B1.1, thus rendering his sentence unconstitutional.[2] Movant is incorrect. Movant's sentence was not enhanced for prior

---

[2]. "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a

crimes of violence under U.S.S.G. § 4B1.2(a); his sentence was enhanced for prior controlled substance offenses as defined in U.S.S.G. § 4B1.2(b). Section 4B1.2(b) does not contain the "crime of violence" language similar to the "violent felony" language found unconstitutional in *Johnson*.[3]

*Johnson* has no relevance to the sentencing guideline under which Movant was sentenced. Accordingly, there is no merit to his § 2255 motion.

## V. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). Although Movant has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a certificate of appealability (COA). *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may sua sponte rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general

---

crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a).

[3]. The definition of "crime of violence" under the Career Offender Guideline includes any felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1).

assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84).

Based on the above standards, the Court concludes that Movant is not entitled to a COA—that is, reasonable jurists could not debate the Court's resolution of his claims.

**VI. Conclusion**

For the foregoing reasons, the Government's motion for summary judgment (D.E. 37) is **GRANTED**, and Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 32) is **DENIED**. Additionally, Movant is **DENIED** a Certificate of Appealability.

ORDERED this 17th day of October, 2016.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE